# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

     Plaintiff,

vs.

FSA PBG, LLC (d/b/a Mirasol Realty), a Florida Limited
Liability Company, WILLIAM RAVEIS-PALM BEACH, LLC (d/b/a William Raveis South
Florida), a Florida Limited Liability Company, PRIVATE CLUB REALTY GROUP, INC., a
Florida Corporation, DAVID FITE, an individual, BETTY A. SCHNEIDER, an individual,
VICTOR KASTIL, an individual, GERARD J. TSARNAS, an individual, and DEBRA
DYTRYCH, an individual,

     Defendants.

_____/

## COMPLAINT

Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC., ("Plaintiff" or "AAP"), by
and through undersigned counsel, hereby files its Complaint against Defendants, FSA PBG, LLC
(d/b/a Mirasol Realty), a Florida Limited Liability Company, WILLIAM RAVEIS-PALM
BEACH, LLC (d/b/a William Raveis South Florida), a Florida Limited Liability Company,
PRIVATE CLUB REALTY GROUP, INC., a Florida Corporation, DAVID FITE, an individual,
BETTY A. SCHNEIDER an individual, VICTOR KASTIL, an individual, GERARD J.
TSARNAS, an individual, and DEBRA DYTRYCH, an individual (collectively, the
"Defendants"). In support thereof, Plaintiff states as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action against Defendants for violations of exclusive rights
under the Copyright Act, 17 U.S.C. § 106, to reproduce, prepare derivative works, and distribute
AAP's original copyrighted works of authorship. AAP licenses its copyrighted works, such as the

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

ones taken by Defendants without authorization in this case, for a fee to real estate associates and brokerages for use in connection with promoting real estate listings.

## THE PARTIES

2.      AAP is a Florida corporation headquartered in Palm Beach County, Florida.  Robert Stevens ("Stevens"), owner of AAP is a high-end real estate photographer who makes his living photographing million dollar homes for real estate agents. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications. AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken, and for a one-time use for a specific property.

3.      Defendant FSA PBG, LLC d/b/a Mirasol Realty ("MIRASOL REALTY") is a licensed real estate corporation (Lic. No. CQ1044384) and is a Florida Limited Liability Company with a principal place of business in Palm Beach County, Florida.

4.      Defendant WILLIAM RAVEIS-PALM BEACH, LLC (d/b/a William Raveis South Florida) ("WILLIAM RAVEIS"), is a licensed real estate corporation (Lic. No. CQ1057293) and is a Florida Limited Liability Company with a principal place of business in Palm Beach County, Florida.

5.      Defendant PRIVATE CLUB REALTY GROUP, INC. ("PRIVATE CLUB REALTY"), is a for-profit Florida Corporation with a principal place of business in Palm Beach County, Florida.

6.      Defendant DAVID FITE ("FITE") is a Florida-licensed real estate sales broker sales (Lic. No. BK3279760) who, upon information and belief, resides in Palm Beach County, Florida, and was the sole member of MIRASOL REALTY at all times relevant to the Complaint.

7.     Defendant BETTY A. SCHNEIDER ("SCHNEIDER") is a Florida-licensed real estate broker sales (Lic. No. BK3169867) who, upon information and belief, resides in Palm Beach County, Florida, and was employed by MIRASOL REALTY at all times relevant to the Complaint.

8.     Defendant VICTOR KASTIL ("KASTIL") is a Florida-licensed real estate agent sales associate (Lic. No. SL3242509) who, upon information and belief, resides in Palm Beach County, Florida, and was employed by MIRASOL REALTY at all times relevant to the Complaint.

9.     Defendant GERARD J. TSARNAS ("TSARNAS") is a Florida-licensed real estate sales associate (Lic. No. SL3338405) who, upon information and belief, resides in Palm Beach County, Florida, and was employed by MIRASOL REALTY at all times relevant to the Complaint.

10.     Defendant DEBRA DYTRYCH ("DYTRYCH") is a Florida-licensed real estate sales associate (Lic. No. SL 3224567) who, upon information and belief, resides in Palm Beach County, Florida, and was employed by WILLIAM RAVEIS at all times relevant to the Complaint.

## JURISDICTION AND VENUE

11.     This Court has personal jurisdiction over MIRASOL REALTY because it has a principal place of business in Palm Beach County, Florida, and conducts business in Florida pursuant to Real Estate Corporation licenses issued by the State of Florida.

12.     This Court has personal jurisdiction over WILLIAM RAVEIS because it has a principal place of business in Palm Beach County, Florida, and conducts business in Florida pursuant to Real Estate Corporation licenses issued by the State of Florida.

13.     This Court has personal jurisdiction over PRIVATE CLUB REALTY because it has a principal place of business in Palm Beach County, Florida, and conducts business in Palm Beach County, Florida.

14.     This Court has personal jurisdiction over FITE, SCHNEIDER, KASTIL, and TSARNAS because they reside in in Florida, they conduct business in Florida pursuant to Real Estate Broker or Sales licenses issued by the State of Florida, and they have worked for the Florida offices of MIRASOL REALTY at all times relevant to the Complaint.

15.     This Court has personal jurisdiction over DYTRYCH, because she resides in Florida, conducts business in Florida pursuant to a Real Estate Broker or Sales licenses issued by the State of Florida, and has worked for the Florida offices of WILLIAM RAVEIS at all times relevant to the Complaint

16.     This Court has jurisdiction over the subject matter of this suit because it arises under federal law, namely, the Copyright Act of 1976 (Title 17 of the United States Code), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (designs, copyrights, trademarks and unfair competition).

17.     Venue is proper in Southern District of Florida, Palm Beach County, Florida, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and Florida Statute § 47.011. Defendants reside in Palm Beach County.

18.     In addition, the Defendants conduct regular, ongoing business within this Southern District of Florida.

## THE COPYRIGHTED WORKS AT ISSUE

19.     In 2010, AAP created a series of photographs in the collection "Group Registration Photos, Selected 2010 Photographs Including Ballaria, Birthday Cake House, Jupiter Lighthouse, Mirasol and Others, published Jan. 14, 2010, to December 14, 2010; 53 photos," (hereinafter collectively the "Selected 2010 Photographs"), two of which are listed below and at issue in this action:

    a.   Mirasol Fountain A 2010 AAP ("Mirasol Fountain"); and,

    b.   Old Palm golfer at sunset 2010 AAP ("Old Palm Golfer").

20.    The Selected 2010 Photographs were registered with the United States Copyright Office on July 15, 2015. See U.S. Copyright Reg. No. VA 1-966-132, Mirasol Fountain, and Old Palm Golfer, attached hereto as Composite Exhibit A.

21.    In 2019, AAP created a series of photographs in the collection "Selected 2019 Photos MMXIX Q2," (hereinafter collectively the "Selected 2019 Photographs"), nine of which are listed below and at issue in this action:

    a.   Mirasol Playground  AAP 2019 ("Mirasol Playground");

    b.   Mirasol Tennis AAP 2019 ("Mirasol Tennis");

    c.   The Country Club at Mirasol  AAP 2019 a ("Mirasol Aerial a");

    d.   The Country Club at Mirasol AAP 2019 b (Mirasol Aerial b");

    e.   The Country Club at Mirasol AAP 2019 c (Mirasol Aerial c");

    f.   The Country Club at Mirasol AAP 2019 d (Mirasol Aerial d");

    g.   The Country Club at Mirasol AAP 2019 e (Mirasol Aerial e");

    h.   Palacio AAP 2019 ("Palacio Sign a"); and,

    i.   Palacio Sign AAP 2019 ("Palacio Sign b").

22.    The Selected 2019 Photographs were registered with the United States Copyright Office on August 7, 2019. See U.S. Copyright Reg. No. VA 2-168-714, Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, Mirasol Aerial e, Palacio Sign a, and Palacio Sign b, **attached hereto as Composite Exhibit B.**

23.    An additional 2019 photograph from U.S. Copyright Reg. No VA 2-168-714 entitled "Old Marsh Golf Club AAP 2019" (hereinafter "Old Marsh Golf Club") is at issue in this

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

action but was used separate from the Selected 2019 Photographs referred to above. **A copy of the Old Marsh Photograph is provided in Composite Exhibit B**

24.    All of the individually named photographs in paragraphs 19-23 above are collectively the "Works" at issue in this lawsuit.

25.    The Old Marsh Golf Club photograph named in paragraph 27 above is also at issue in this lawsuit.

### BACKGROUND FACTS

26.    Plaintiff Affordable Aerial Photography, Inc. was formed in 2005 by Stevens.

27.    AAP specializes in photographing real estate. The company has photographed some of the world's most expensive properties.

28.    AAP has been hired by celebrities including Celine Dion, Bill Gates, Billy Joel, Tommy Lee Jones, Don King, Greg Norman, Athina Onassis, Mehmet Oz, President Donald Trump, James Patterson, Lilly Pulitzer, Rod Stewart, and others.

29.    Stevens and AAP are well known for their aerial photographs, which are taken from above the ground.

30.    AAP captured many such shots even before the use of drones became widespread. This was accomplished via the use of a tethered helium balloon camera-rigging system which was designed and built by Stevens (the "Balloon System").

31.    This Balloon System has allowed AAP to capture shots that, until the advent of drones, would have been impossible to shoot otherwise.

32.    This unique system had the added benefit of serving as a marketing tool for AAP, and it led to Stevens becoming known locally as "Balloon Bob."

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

33.     Stevens also takes photographs for AAP using a helicopter, drones, or tripods.  The photographs, like the ones at issue in this suit, taken by Stevens for AAP from a helicopter, using a drone, or using a tripod, were independently created by Stevens for AAP using a high degree of creativity, to compose and shoot the best shots for his clients.  Stevens reviewed all the photographs to select the very best shots for his clients.  Often, those shots were then photoshopped and cropped before becoming the final work distributed to a client via a one-time use license.

34.     AAP sells one-time use licenses to third parties that wish to copy, distribute, and/or display the photos with regard to a specific real property for sale and/or rent.

35.     Multiple Listing Services ("MLS") are websites on which real estate professionals can post, and the public can view, information about properties that are available for sale or rent.

36.     AAP retains the copyright for photographs Stevens takes as an employee of AAP, and registers those photographs with the United States Copyright Office.

37.     The rights in any photos initially registered by Stevens are now owned by AAP via written assignment from Stevens to AAP.  Such rights include the entire right, title, and interest in and to said photos, in and to any and all copyrights on said photos (including each and every derivative work arising from said photos), and all causes of action and/or claims existing at the time of assignment including, without limitation, those for infringement.

38.     The Works were licensed for one time use to DEFENDANT SCHNEIDER via AAP Invoice No. 2638 on 7/19/2019 for use in promoting the sale/rental of 215 Via Palacio Palm Beach Gardens.  **The relevant invoice is attached hereto as Composite Exhibit C**.  No subsequent license was granted by AAP to any Defendant for use of the Works.

39.     The Old Marsh Golf Club photograph was licensed for one time use to DEFENDANTS DYTRYCH and WILLIAM RAVEIS via AAP Invoice No. 2571 for use in

promoting the sale/rental of 13040 Hammock Crossing, Palm Beach Gardens. **The relevant invoice is attached hereto as Exhibit D**.  No subsequent license was granted by AAP to any Defendant for use of the Old Marsh Golf Club.

40.     In accordance with § 475.42(1)(b), Florida Statutes, a licensed real estate associate may not operate as broker or sales associate for any person not registered as his or her employer. The Defendants are employed by real estate firms, and defendants, MIRASOL REALTY and WILLIAM RAVEIS and therefore share co-workers including co-listing agents and support staff.

41.     In accordance with § 475.01(2), Florida Statutes, the terms "employ," "employment," "employer," and "employee" include an independent contractor relationship when such relationship is intended and established between a broker and sales associate. Such a relationship does not relieve a broker of its duties or responsibilities.

42.     All conditions precedent to bringing this action, if any, have occurred or have been performed, waived and/or excused.

### SPECIFIC COUNTS SEEKING AFFIRMATIVE RELIEF

### COUNT I – COPYRIGHT INFRINGEMENT SELECTED 2010 PHOTOGRAPHS
**(U.S. Copyright Reg. No. VA 1-966-132)**
**(Against Defendants MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS)**

43.     AAP adopts and incorporates the allegations of paragraphs 1-42 as if fully set forth herein.

44.     AAP owns a valid copyright registration for the Selected 2010 Photographs, two or more of which have been impermissibly copied, displayed, and distributed by Defendants MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS.

45.     Upon information and belief, Defendant FITE, is the sole owner, principal, and moving force behind Defendant MIRASOL REALTY.

46.     Upon information and belief, Defendant FITE, individually, and as principal of Defendant MIRASOL, has authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant MIRASOL, SCHNEIDER, KASTIL, and TSARNAS infringe, upon certain of AAP's Works as described below.

47.     AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2010 Photographs.

48.     Defendants MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS have copied, distributed, and/or displayed the Selected 2010 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

    a.     MIRASOL, FITE, KASTIL and TSARNAS's unauthorized use of Mirasol Fountain on a real estate multiple listing service ("MLS") #RX- 10555075, promoted the sale of 119 Dalena Way (as depicted in Composite Exhibit "A"):

        i.   Mirasol Fountain as posted by Defendants MIRASOL, FITE, KASTIL and TSARNAS, on the MLS #RX-10555075 shows Plaintiff's copyright notice evidencing willful infringement.

        ii.  Upon information and belief these defendants did profit from their infringing use of the Works as the property sold for 1.150 million dollars.

    b.     MIRASOL, FITE, and SCHNEIDER's unauthorized use of Mirasol Fountain and Old Palm Golfer on a real estate multiple listing service ("MLS") #RX-10583516, promoted the sale of 112 Via Palacio (as depicted in Composite Exhibit "A"):

      i.  Mirasol Fountain and Old Palm Golfer as posted by Defendants MIRASOL, FITE, and SCHNEIDER, on the MLS #RX-10583516 shows Plaintiff's copyright notice evidencing willful infringement.

     ii.  Upon information and belief these defendants did profit from their infringing use of the Works as the property sold for $4,000,000.

  c.    MIRASOL, FITE, KASTIL and TSARNAS's unauthorized use of Mirasol Fountain on a real estate multiple listing service ("MLS") #RX- 10587555, promoted the sale of 110 Via Mariposa (as depicted in Composite Exhibit "A"):

      i.  Mirasol Fountain as posted by Defendants MIRASOL, FITE, KASTIL and TSARNAS, on the MLS #RX- 10587555 shows Plaintiff's copyright notice evidencing willful infringement.

     ii.  Upon information and belief these defendants did profit from their infringing use of the Works as the property sold for 1.4 million dollars.

49.    In violating 17 U.S.C. § 106 et seq., Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

50.    Each infringement of AAP's work by Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, constitutes a separate and distinct act of infringement.

51.    Given that the Selected 2010 Photographs infringed upon by Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS,   shows AAP's copyright management information on the infringing use, Defendants were aware that AAP owns the rights to the photos.

52.     Defendants', MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

53.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

54.     As a direct and proximate result of Defendants', MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, acts of copyright infringement, AAP is entitled to actual and/or statutory damages in amounts to be determined at trial.

55.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

56.     In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, created the Selected 2010 Photographs or that Defendants', MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required to turn over any Selected 2010 Photographs;

c. Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, have no prior license;

d. AAP recover Defendants', MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, profits as well as the damages sustained by AAP due to Defendants', MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which

Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, conduct, including its willfulness;

g. Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

### COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT SELECTED 2010 PHOTOGRAPHS
**(U.S. Copyright Reg. No. VA 1-966-132)**
**(Against Defendants MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS)**

57.     AAP adopts and incorporates the allegations of paragraphs 1-42, as if fully set forth herein.

58.     AAP owns a valid copyright registration for the Selected 2010 Photographs, two or more of which (Mirasol Fountain and Old Palm Golfer) have been impermissibly reproduced, distributed, and publicly displayed, on multiple listing service ("MLS") #RX- 10555075, #RX-10583516, and #RX-10587555.  *See* Composite Exhibit "A."

59.     MIRASOL REALTY, as expressly designated listing office, FITE, as sole member of MIRASOL REALTY, KASTIL, as expressly designated listing agent, and TSARNAS, as

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

expressly designated co-listing agent, see Composite Exhibit "A," upon information and belief were in active concert and participation regarding the co-listing for the properties marketed by MLS #RX- 10555075, and #RX-10587555, and benefitted from decisions made related to the information and photographs contained in the MLS listing, and benefitted from the profit of the sales of the properties marketed.

60.     MIRASOL REALTY, as expressly designated listing office, FITE, as sole member of MIRASOL REALTY, and SCHNEIDER, as expressly designated listing agent, see Composite Exhibit "A," upon information and belief were in active concert and participation regarding the listing for the property marketed by MLS #RX- 10583516, and benefitted from decisions made related to the information and photographs contained in the MLS listing, and benefitted from the profit of the sales of the properties marketed.

61.     Any action performed by MIRASOL REALTY, FITE, KASTIL, SCHNEIDER, TSARNAS, or any third party with access to edit the co-listing, to take the physical actions necessary to initially upload Mirasol Fountain for commercial use in MLS #RX- 10555075, #RX-10583516, and #RX-10587555, without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

62.     Any action performed by MIRASOL REALTY, FITE, SCHNEIDER, or any third party with access to edit the co-listing, to take the physical actions necessary to initially upload Old Palm Golfer for commercial use in MLS #RX-10583516, without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

63.     As a real estate corporation, and as its sole member, MIRASOL REALTY and FITE, are chargeable with the actions taken on the MLS on properties its real estate brokers and

sales associates list, and MIRASOL REALTY and FITE maintain the right and ability to supervise the activity, including infringing activity, that takes place on these MLS listings.

64.     As a real estate broker, SCHNEIDER is chargeable with the actions taken on the MLS on properties for which she is listing agent, and she maintains the right and ability to supervise the activity, including infringing activity, that takes place on her MLS listings.

65.     As a real estate salesmen, KASTIL and TSARNAS are chargeable with the actions taken on the MLS on properties for which they are a co-listing agent, and they maintain the right and ability to supervise the activity, including infringing activity, that takes place on their co-listed MLS listings.

66.     MIRASOL REALTY (and by extension sole member FITE), SCHNEIDER, KASTIL, and TSARNAS's, agreement to be listed on the infringing MLS listings discussed above constitutes their implied consent to the publication of the information and photographs used on the MLS listings.

67.     The infringing photographs used on the MLS listings are substantially similar to AAP's original Mirasol Fountain and Old Palm Golfer photographs.

68.     In violating 17 U.S.C. § 106 et seq., MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, or their third party designees, infringed on AAP's copyright in accordance with 17 U.S.C. § 501.

69.     Each of MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS had the joint right and ability to make changes to their MLS listing, and therefore to exercise control over the actions of listing office or co-listing agents and any other third party with agency to make edits to the MLS for the benefit of each Defendant.

70.     Each time an infringing MLS listing was displayed to potential buyers agents, buyers, or others through the MLS service, or via hard copy, the Mirasol Fountain and/or Old Palm Golfer photographs at issue was impermissibly published, reproduced, distributed, and publicly displayed vicariously by MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, as designated co-listing office or agent on the listing, causing injury to AAP.

71.     MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS have vicariously caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to an infringing MLS listing on the internet, via MLS services, or through hard copy distribution, constitutes a new act of infringement.

72.     MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, intended to benefit from the reproduction, distribution, and public display, of all the photographs that appeared on their infringing MLS listings depicted in Composite Exhibit "A."

73.     MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, as MLS subscribers, maintain the ability to jointly control the selection of information and photographs used in their MLS listings, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

74.     MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS had a direct financial interest in the use, reproduction, and distribution of the Mirasol Fountain and/or Old Palm Golfer photographs, and declined to exercise their right to stop any infringement of that photograph in the listings as depicted in Composite Exhibit "A."

75.     Photographs are valuable marketing tools for real estate agents that are a draw for potential buyers of MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's property.

76.     The appearance of the Mirasol Fountain and/or Old Palm Golfer photographs allowed MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, to more effectively promote their real estate listings for sale by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's listings, their brand, their public image, and their reputation, while AAP suffered loss of licensing revenue and loss of its ability to control the quality, composition, and distribution of its original works. Therefore, MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, profited from the appearance of Mirasol Fountain and/or Old Palm Golfer on the listings depicted in Composite Exhibit "A," and upon information and belief profited monetarily as well, via commission through sale of those properties.

77.     AAP has the exclusive rights to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the photographs in the Selected 2010 Photographs, including Mirasol Fountain and Old Palm Golfer.

78.     MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's vicarious infringement of AAP's work is in reckless disregard of, with indifference to, or with willful blindness to, the rights of AAP.

79.     The infringements have caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

80.     As a direct and proximate result of MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's acts of vicarious copyright infringement, AAP is entitled an award of actual damages, or statutory damages, in amounts to be determined at trial, which will compensate

AAP for the injury caused by MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's vicarious infringement.

81.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

82.     In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, be permanently enjoined and restrained after this action this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS created the photos at issue in this case or that MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's use, outside of the proper license to use same, is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for permanent injunction, MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required to turn over any photos at issue in this case bearing any copyrights;

c. MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, have no prior license;

d. AAP recover MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's profits as well as the damages sustained by AAP due to MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's vicarious infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's conduct, including its willfulness;

g. MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT III– COPYRIGHT INFRINGEMENT SELECTED 2019 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 2-168-714)
### (Against Defendants MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS)

83.     AAP adopts and incorporates the allegations of paragraphs 1-42 as if fully set forth herein.

84.     AAP owns a valid copyright registration for the Selected 2019 Photographs, nine or more of which (Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, Mirasol Aerial e, Palacio Sign a, and Palacio Sign b) have been impermissibly copied, displayed, and distributed by Defendants MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS.

85.     Upon information and belief, Defendant FITE is the sole owner, principal, and moving force behind Defendant MIRASOL REALTY.

86.     Upon information and belief, Defendant FITE, individually, and as principal of Defendant MIRASOL, has authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant MIRASOL, SCHNEIDER, KASTIL, and TSARNAS infringe, upon certain of AAP's Works as described below.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

87.     AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Selected 2019 Photographs.

88.     Defendants MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS have copied, distributed, and/or displayed the Selected 2019 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq., as follows:

   a.   MIRASOL, FITE, KASTIL and TSARNAS's unauthorized use of Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, and Mirasol Aerial e, on a real estate multiple listing service ("MLS") #RX- 10555075, promoted the sale of 119 Dalena Way (as depicted in Composite Exhibit "B"):

      i.   Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, and Mirasol Aerial e, as posted by Defendants MIRASOL, FITE, KASTIL and TSARNAS, on the MLS #RX-10555075 shows Plaintiff's copyright notice evidencing willful infringement.

      ii.   Upon information and belief these defendants did profit from their infringing use of the Works as the property sold for 1.150 million dollars.

   b.   MIRASOL, FITE, and SCHNEIDER's unauthorized use of Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, Mirasol Aerial e, Palacio Sign a, and Palacio Sign b, on a real estate multiple

listing service ("MLS") #RX-10583516, promoted the sale of 112 Via Palacio (as depicted in Composite Exhibit "B"):

    i.  Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, Mirasol Aerial e, Palacio Sign a, and Palacio Sign b, as posted by Defendants MIRASOL, FITE, and SCHNEIDER, on the MLS #RX-10583516 shows Plaintiff's copyright notice evidencing willful infringement.

    ii.  Upon information and belief these defendants did profit from their infringing use of the Works as the property sold for $4,000,000.

c.    MIRASOL, FITE, KASTIL and TSARNAS's unauthorized use of Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, and Mirasol Aerial e, on a real estate multiple listing service ("MLS") #RX-10587555, promoted the sale of 110 Via Mariposa (as depicted in Composite Exhibit "B"):

    i.  of Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, and Mirasol Aerial e, as posted by Defendants MIRASOL, FITE, KASTIL and TSARNAS, on the MLS #RX- 10587555 shows Plaintiff's copyright notice evidencing willful infringement.

    ii.  Upon information and belief these defendants did profit from their infringing use of the Works as the property sold for 1.4 million dollars.

89.    In violating 17 U.S.C. § 106 et seq., Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

90.     Each infringement of AAP's work by Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, constitutes a separate and distinct act of infringement.

91.     Given that the Selected 2019 Photographs infringed upon by Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, still show AAP's copyright management information on the infringing use, Defendants were aware that AAP owns the rights to the photos.

92.     Defendants', MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, infringement of AAP's work was willful, in reckless disregard of, and with indifference to the rights of AAP.

93.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

94.     As a direct and proximate result of Defendants', MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, acts of copyright infringement, AAP is entitled to actual and/or statutory damages in amounts to be determined at trial.

95.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

96.     In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, created the Selected 2019 Photographs or that Defendants', MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, use, outside of the proper license to use, same is in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required to turn over any Selected 2019 Photographs;

c. Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, have no prior license;

d. AAP recover Defendants', MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, profits as well as the damages sustained by AAP due to Defendants',

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, conduct, including its willfulness;

g. Defendants, MIRASOL, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT IV – VICARIOUS COPYRIGHT INFRINGEMENT SELECTED 2019 PHOTOGRAPHS
### (U.S. Copyright Reg. No. VA 2-168-714)
### (Against Defendants MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS)

97.     AAP adopts and incorporates the allegations of paragraphs 1-42, as if fully set forth herein.

98.     AAP owns a valid copyright registration for the Selected 2019 Photographs, nine or more of which (of Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, Mirasol Aerial e, Palacio Sign a, and Palacio Sign b) have been impermissibly reproduced, distributed, and publicly displayed, on multiple listing service ("MLS") #RX- 10555075, #RX-10583516, and #RX-10587555.  *See* Composite Exhibit "B."

99.     MIRASOL REALTY, as expressly designated listing office, FITE, as sole member of MIRASOL REALTY, KASTIL, as expressly designated listing agent, and TSARNAS, as expressly designated co-listing agent, see Composite Exhibit "B," upon information and belief were in active concert and participation regarding the co-listing for the properties marketed by MLS #RX- 10555075, and #RX-10587555, and benefitted from decisions made related to the information and photographs contained in the MLS listing, and benefitted from the profit of the sales of the properties marketed.

100.     MIRASOL REALTY, as expressly designated listing office, FITE, as sole member of MIRASOL REALTY, and SCHNEIDER, as expressly designated listing agent, see Composite Exhibit "B," upon information and belief were in active concert and participation regarding the listing for the property marketed by MLS #RX- 10583516, and benefitted from decisions made related to the information and photographs contained in the MLS listing, and benefitted from the profit of the sales of the properties marketed.

101.     Any action performed by MIRASOL REALTY, FITE, KASTIL, SCHNEIDER, TSARNAS, or any third party with access to edit the co-listing, to take the physical actions necessary to initially upload Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, or Mirasol Aerial e, for commercial use in MLS #RX-

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

10555075, #RX-10583516, and #RX-10587555, without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

102. Any action performed by MIRASOL REALTY, FITE, SCHNEIDER, or any third party with access to edit the co-listing, to take the physical actions necessary to initially upload Palacio Sign a, or Palacio Sign b for commercial use in MLS #RX-10583516, without license or permission from AAP, was in violation of 17 U.S.C. § 106 et seq.

103. As a real estate corporation, and as its sole member, MIRASOL REALTY and FITE, are chargeable with the actions taken on the MLS on properties its real estate brokers and sales associates list, and MIRASOL REALTY and FITE maintain the right and ability to supervise the activity, including infringing activity, that takes place on these MLS listings.

104. As a real estate broker, SCHNEIDER is chargeable with the actions taken on the MLS on properties for which she is listing agent, and she maintains the right and ability to supervise the activity, including infringing activity, that takes place on her MLS listings.

105. As a real estate salesmen, KASTIL and TSARNAS are chargeable with the actions taken on the MLS on properties for which they are a co-listing agent, and they maintain the right and ability to supervise the activity, including infringing activity, that takes place on their co-listed MLS listings.

106. MIRASOL REALTY (and by extension sole member FITE), SCHNEIDER, KASTIL, and TSARNAS's, agreement to be listed on the infringing MLS listings discussed above constitutes their implied consent to the publication of the information and photographs used on the MLS listings.

107.    The infringing photographs used on the MLS listings are substantially similar to AAP's original Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, Mirasol Aerial e, Palacio Sign a, and Palacio Sign b, photographs.

108.    In violating 17 U.S.C. § 106 et seq., MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, or their third party designees, infringed on AAP's copyright in accordance with 17 U.S.C. § 501.

109.    Each of MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS had the joint right and ability to make changes to their MLS listing, and therefore to exercise control over the actions of listing office or co-listing agents and any other third party with agency to make edits to the MLS for the benefit of each Defendant.

110.    Each time an infringing MLS listing was displayed to potential buyers agents, buyers, or others through the MLS service, or via hard copy, the Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, Mirasol Aerial e, Palacio Sign a, and Palacio Sign b, photographs at issue were impermissibly published, reproduced, distributed, and publicly displayed vicariously by MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, as designated co-listing office or agent on the listing, causing injury to AAP.

111.    MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS have vicariously caused, enabled, facilitated, and/or materially contributed to the infringement, as each visit to an infringing MLS listing on the internet, via MLS services, or through hard copy distribution, constitutes a new act of infringement.

112.    MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, intended to benefit from the reproduction, distribution, and public display, of all the photographs that appeared on their infringing MLS listings depicted in Composite Exhibit "B."

113.    MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, as MLS subscribers, maintain the ability to jointly control the selection of information and photographs used in their MLS listings, and could stop unlicensed photographs from being selected and uploaded, or make changes to the listing photographs at any time.

114.    MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS had a direct financial interest in the use, reproduction, and distribution of the Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, Mirasol Aerial e, Palacio Sign a, and/or Palacio Sign b photographs, and declined to exercise their right to stop any infringement of that photograph in the listings as depicted in Composite Exhibit "B."

115.    Photographs are valuable marketing tools for real estate agents that are a draw for potential buyers of MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's property.

116.    The appearance of the Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, Mirasol Aerial e, Palacio Sign a, and/or Palacio Sign b, photographs allowed MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, to more effectively promote their real estate listings for sale by capturing, holding, and/or prolonging the attention of any visitor to the subject real estate listing, and provided a direct positive impact on MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's listings, their brand, their public image, and their reputation, while AAP suffered loss of licensing revenue and loss of its ability to control the quality, composition, and distribution of its original

works. Therefore, MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, profited from the appearance of Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, Mirasol Aerial e, Palacio Sign a, and/or Palacio Sign b on the listings depicted in Composite Exhibit "B," and upon information and belief profited monetarily as well, via commission through sale of those properties.

117. AAP has the exclusive rights to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the photographs in the Selected 2019 Photographs, including Mirasol Playground, Mirasol Tennis, Mirasol Aerial a, Mirasol Aerial b, Mirasol Aerial c, Mirasol Aerial d, Mirasol Aerial e, Palacio Sign a, and/or Palacio Sign b.

118. MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's vicarious infringement of AAP's work is in reckless disregard of, with indifference to, or with willful blindness to, the rights of AAP.

119. The infringements have caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

120. As a direct and proximate result of MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's acts of vicarious copyright infringement, AAP is entitled an award of actual damages, or statutory damages, in amounts to be determined at trial, which will compensate AAP for the injury caused by MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's vicarious infringement.

121. AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

122. In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, be permanently enjoined and restrained after this action this action from:

    i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

    ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

    iii. Doing any other act or thing likely to, or calculated to, induce the belief that MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS created the photos at issue in this case or that MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's use, outside of the proper license to use same, is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for permanent injunction, MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required to turn over any photos at issue in this case bearing any copyrights;

c. MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, be required to deliver up for destruction all physical products in their

possession bearing AAP's copyrights or any colorable imitation thereof for which MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS, have no prior license;

d. AAP recover MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's profits as well as the damages sustained by AAP due to MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's vicarious infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS's conduct, including its willfulness;

g. MIRASOL REALTY, FITE, SCHNEIDER, KASTIL, and TSARNAS be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

<u>COUNT V– COPYRIGHT INFRINGEMENT OLD MARSH GOLF CLUB PHOTOGRAPH</u>
**(U.S. Copyright Reg. No. VA 2-168-714)**
**(Against Defendants WILLIAM RAVEIS, DYTRYCH, PRIVATE CLUB REALTY)**

123.    AAP adopts and incorporates the allegations of paragraphs 1-42 as if fully set forth herein.

124.    AAP owns a valid copyright registration for the Old Marsh Golf Club photograph. Accordingly, AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Old Marsh Golf Club photograph.

125.    On March 18, 2019, AAP licensed the Old Marsh Golf Club photograph for one time use to Defendants DYTRYCH and WILLIAM RAVEIS via AAP Invoice No. 2571 for use in promoting the sale/rental of 13040 Hammock Crossing, Palm Beach Gardens ("13040 Hammock Crossing"). **See Exhibit D.**   No subsequent license was granted by AAP to any Defendant for use of the Old Marsh Golf Club photograph.

126.    Upon information and belief, Defendants DYTRYCH and WILLIAM RAVEIS, authorized, condoned, directed, and participated in the decisions to infringe, and to have Defendant PRIVATE CLUB REALTY infringe, upon AAP's copyright.

127.    Working together, Defendants DYTRYCH and WILLIAM RAVEIS, copied and distributed the Old Marsh Golf Club photograph to PRIVATE CLUB REALTY GROUP, INC., who then displayed the Old Marsh Golf Club photograph on its own website in violation of 17 U.S.C. § 106 et seq. **A snapshot of the website is attached hereto as Exhibit E**.

128.    Defendant PRIVATE CLUB REALTY's unauthorized use of the Old Marsh Golf Club photograph promoted its country club-specific consulting and management services to prospective clients online.

129.     The Old Marsh Golf Club photograph used by Defendant PRIVATE CLUB REALTY willfully removed AAP's copyright notice, evidencing willful infringement.

130.     Upon information and belief, PRIVATE CLUB REALTY profited from its infringing use of the Old Marsh Golf Club photograph as it was used to attract clients to its business.

131.     In violating 17 U.S.C. § 106 et seq., Defendants, WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

132.     Each infringement of AAP's Old Marsh Golf Club photograph by Defendants, WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY constitutes a separate and distinct act of infringement.

133.     Defendants', WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY infringement of AAP's Old Marsh Golf Club photograph was willful, in reckless disregard of, and with indifference to the rights of AAP.

134.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

135.     As a direct and proximate result of Defendants', WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY acts of copyright infringement, AAP is entitled to actual and/or statutory damages in amounts to be determined at trial.

136.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

137.     In addition, AAP is entitled to permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY, be permanently enjoined and restrained after this action from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works without prior express written consent through a photograph license or some other writing;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any property of AAP without prior express written consent through a photograph license or some other writing; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants, WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY created the Old Marsh Golf Club photograph or that Defendants' use of the Old Marsh Golf Club photograph was in any way endorsed by AAP.

b. Within ten (10) days after the entry of an order for permanent injunction, Defendants, WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY, be required to turn over the Old Marsh Golf Club photograph;

c. Defendants, WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof for which Defendants have no prior license;

d. AAP recover Defendants', WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY, profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants, WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY, be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants, WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY, have complied with the terms of the permanent injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants', WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY, conduct, including its willfulness;

g. Defendants, WILLIAM RAVEIS, DYTRYCH, and PRIVATE CLUB REALTY, be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. Award, at AAP's election, actual damages and Defendants' profits, or statutory damages for each violation; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury for all issues so triable.

Dated:  January 10, 2023                    Respectfully submitted,

By: s/  *Lorri Lomnitzer*
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
Viktor Lyusi
Florida Bar No.: 1021454
Viktor@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM,
P.A.

7999 N. Federal Highway, Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Fax: (561) 953-3455
*Attorneys for Plaintiff*